STEPHEN A. HIGGINSON, Circuit Judge,
concurring in Section 111(A); dissenting as to Section III(B):
I would uphold the Board’s determination that an employee could reasonably interpret the language of LogistiCare’s waiver to restrict the employee’s right to bring unfair labor practice charges with the Board.' We must read the agreement from the position of non-lawyer employees, not judges, remembering that “[r]ank-and-file employees do not generally carry law- *723 books to work or apply legal analysis to company núes as do lawyers, and cannot be expected to have the expertise to examine company rules from a legal standpoint.” Ingram Book Co., 315 N.L.R.B. 515, 518 n.2 (1994). With this in mind, I disagree with LogistiCare’s claim that because the waiver includes the words “lawsuit”' and “trial lawyers,” “any reader would necessarily understand” that the waiver relates only to judicial, and not administrative, proceedings. The Board observés that it is not uncommon for employees to refer to Board proceedings as “lawsuits” and notes that “administrative proceedings share with their judicial counterparts an entire nomenclature, including terms like judge, case, trial, attorney, lawyer, witness, subpoena, and testimony.” Thus, when an employee signs Logisti-Care’s agreement banning all “Class and Collective, action lawsuit[s],” I agree with the Board that “[t]he reasonable impression could be created that [the] employee is waiving not just ... trial rights, but ... administrative, rights as well.” D.R. Horton, Inc. v. N.L.R.B., 737 F.3d 344, 363 (5th Cir. 2013). Because I believe the Board’s finding that the agreement could be misconstrued was reasonable, I would enforce its order requiring LogistiCare to take corrective action. See id. at 364.
I agree with the majority that our recent decision in Convergys Corporation v. N.L.R.B., No. 15-60860, forecloses the Board’s alternative argument that Logisti-Care’s waiver violates Section 8(a)(1) by requiring employees to waive the ability to participate in class or collective action litigation. I view this position as irreconcilable with this court’s precedent. See D.R. Horton, 737 F.3d at 361. Nonetheless, as I explained in my concurring opinion in Con-vergys—and as Judge Higginbotham explained in his dissenting opinion—I believe the better view is that a right to class and collective action falls within Section 7’s scope. See also Patterson v. Raymours Furniture Co., 659 Fed.Appx. 40, 43 (2d Cir. 2016), as corrected (Sept. 7, 2016), as corrected (Sept. 14, 2016) (unpublished) (summary order); Lewis v. Epic Sys. Corp., 823 F.3d 1147 (7th Cir. 2016), cert. granted, — U.S. —, 137 S.Ct. 809, 196 L.Ed.2d 595 (2017); Morris v. Ernst & Young, LLP, 834 F.3d 975 (9th Cir. 2016), cert. granted, — U.S. —, 137 S.Ct. 809, 196 L.Ed.2d 595 (2017).
Accordingly, I concur in part and dissent in part. • ■ ‘